UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES SECURITIES AND )
EXCHANGE COMMISSION, )
                                  Plaintiff, )
                                        v. )        Civil Action No._____

INGERSOLL-RAND COMPANY )
LIMITED )
                                  Defendant. )

## CONSENT OF DEFENDANT INGERSOLL-RAND COMPANY LIMITED

1.    Defendant Ingersoll-Rand Company Limited ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a)    permanently restrains and enjoins Defendant from violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act");

      (b)    orders Defendant to pay disgorgement in the amount of $1,710,034, plus pre-judgment interest of $560,953;

DC01:484729.1

    (c)    orders Defendant to pay a civil penalty in the amount of $1,950,000 under Section 21(d)(3) of the Exchange Act; and

    (d)    orders Defendant to make certain certifications identified in Item 3 of this Consent on or about April 30, 2008.

3. Defendant has retained an outside expert, Jeffrey M. Kaplan ("Kaplan") of the law firm, Kaplan & Walker LLP, to conduct a review of Defendant's compliance program, including but not limited to compliance policies and procedures, with a particular focus on those policies and procedures relating to compliance with the Foreign Corrupt Practices Act. Defendant shall exclusively bear all costs, including compensation and expenses, associated with the retention of Kaplan.

At the conclusion of his review, Kaplan will provide Defendant with a report (the "Report") containing his findings and recommendations regarding Defendant's compliance program. Defendant will promptly review Kaplan's report and provide the staff of the U.S. Securities and Exchange Commission (the "Commission") with a final version soon thereafter, but no later than April 30, 2008. The Report shall address, at a minimum, the adequacy of Defendant's compliance policies and procedures, and will include a description of the review performed, the conclusions reached, and Kaplan's recommendations for modifications and additions to the policies and procedures devised and implemented by Defendant.

Along with the Report, Defendant will submit a separate report identifying (i) any remedial recommendations set forth in the Report that Defendant has adopted or intends to adopt within a specified time period, and (ii) any such recommendations that Defendant has not adopted and does not intend to adopt. With respect to any recommendation that Defendant considers unnecessary or inappropriate, Defendant shall explain why the objective or purpose of

such recommendation is unnecessary or inappropriate and provide in writing an alternative policy, procedure, or system designed to achieve the same objective or purpose, in agreement with Kaplan.

Defendant shall cooperate fully with Kaplan and shall provide Kaplan with access to its files, books, records and personnel as reasonably requested by Kaplan.

4. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors or others. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors or others.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

12.  Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.  Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: October 30, 2007

Ingersoll-Rand Company Limited

By: _____
Name of person signing for entity
Title: Senior Vice President and General Counsel
Address: 155 Chestnut Ridge Rd., P.O. Box 0445
         Montvale, NJ  07645

DC01:484729.1

On ~~October 30~~, 2007, ~~Patricia Nachtigal~~, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Ingersoll-Rand Company Limited as its ~~Senior Vice President and General Counsel~~.

~~Meryl J. Miller~~
Notary Public
Commission expires:   MERYL J. MILLER
Notary Public of New Jersey
My Commission Expires Jan. 24, 2011

Approved as to form:

~~[signature]~~
Samuel J. Waldon
Baker Botts LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004-2400
(202) 639-7782
Attorney for Defendant

## INGERSOLL-RAND COMPANY LIMITED CERTIFICATE OF COMPANY RESOLUTION

I, Barbara A. Santoro, do hereby certify that I am the Secretary of Ingersoll-Rand Company Limited ("Ingersoll-Rand"), a Bermuda company, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of Ingersoll-Rand at a meeting held on October 6, 2007, at which a quorum was present and resolved as follows:

**RESOLVED:** That Patricia Nachtigal, the Senior Vice President and General Counsel of Ingersoll-Rand, be and hereby is authorized to act on behalf of the Corporation, and in her sole discretion, to negotiate, approve, and make the offer of settlement of Ingersoll-Rand, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as she may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this 10th day of October, 2007.

By: *[signature]*
Name: Barbara A. Santoro
Title: Secretary
Ingersoll-Rand Company Limited

DC01:484722.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                          Plaintiff,

      v.

INGERSOLL-RAND COMPANY LIMITED,

                          Defendant.

Civil Action No.

**FINAL JUDGMENT AS TO DEFENDANT INGERSOLL-RAND COMPANY LIMITED**

The Securities and Exchange Commission having filed a Complaint and Defendant Ingersoll-Rand Company Limited. ("Ingersoll-Rand" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Securities Exchange Act of 1934 (the "Exchange Act"),

15 U.S.C. § 78m(b)(2)(A), by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

II

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

III

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant will certify on or about April 30, 2008, that Defendant has provided the reports set forth herein. Defendant has retained an outside expert, Jeffrey M. Kaplan ("Kaplan") of the law firm, Kaplan & Walker LLP, to conduct a review of Defendant's compliance program, including but not limited to compliance policies and procedures, with a particular focus on those policies and

procedures relating to compliance with the Foreign Corrupt Practices Act. Defendant shall exclusively bear all costs, including compensation and expenses, associated with the retention of Kaplan.

At the conclusion of his review, Kaplan will provide Defendant with a report (the "Report") containing his findings and recommendations regarding Defendant's compliance program. Defendant will promptly review Kaplan's report and provide the staff of the U.S. Securities and Exchange Commission (the "Commission") with a final version soon thereafter, but no later than April 30, 2008. The Report shall address, at a minimum, the adequacy of Defendant's compliance policies and procedures, and will include a description of the review performed, the conclusions reached, and Kaplan's recommendations for modifications and additions to the policies and procedures devised and implemented by Defendant.

Along with the Report, Defendant will submit a separate report identifying (i) any remedial recommendations set forth in the Report that Defendant has adopted or intends to adopt within a set time period, and (ii) any such recommendations that Defendant has not adopted and does not intend to adopt. With respect to any recommendation that Defendant considers unnecessary or inappropriate, Defendant shall explain why the objective or purpose of such recommendation is unnecessary or inappropriate and provide in writing an alternative policy, procedure, or system designed to achieve the same objective or purpose, in agreement with Kaplan.

Defendant shall cooperate fully with Kaplan and shall provide Kaplan with access to its files, books, records and personnel as reasonably requested by Kaplan.

IV

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,710,034, representing profits gained as a result of the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $560,953, and a civil penalty in the amount of $1,950,000 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall satisfy this obligation by paying $4,220,987 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a cover letter identifying Ingersoll-Rand Company, Ltd. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of the payment of disgorgement and payment of civil penalty and letter to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

  v.

INGERSOLL-RAND COMPANY LIMITED,

        Defendant.

Civil Action No.

**FINAL JUDGMENT AS TO DEFENDANT INGERSOLL-RAND COMPANY LIMITED**

  The Securities and Exchange Commission having filed a Complaint and Defendant Ingersoll-Rand Company Limited. ("Ingersoll-Rand" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I

  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Securities Exchange Act of 1934 (the "Exchange Act"),

15 U.S.C. § 78m(b)(2)(A), by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

II

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

III

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant will certify on or about April 30, 2008, that Defendant has provided the reports set forth herein. Defendant has retained an outside expert, Jeffrey M. Kaplan ("Kaplan") of the law firm, Kaplan & Walker LLP, to conduct a review of Defendant's compliance program, including but not limited to compliance policies and procedures, with a particular focus on those policies and

procedures relating to compliance with the Foreign Corrupt Practices Act.  Defendant shall exclusively bear all costs, including compensation and expenses, associated with the retention of Kaplan.

At the conclusion of his review, Kaplan will provide Defendant with a report (the "Report") containing his findings and recommendations regarding Defendant's compliance program.  Defendant will promptly review Kaplan's report and provide the staff of the U.S. Securities and Exchange Commission (the "Commission") with a final version soon thereafter, but no later than April 30, 2008.  The Report shall address, at a minimum, the adequacy of Defendant's compliance policies and procedures, and will include a description of the review performed, the conclusions reached, and Kaplan's recommendations for modifications and additions to the policies and procedures devised and implemented by Defendant.

Along with the Report, Defendant will submit a separate report identifying (i) any remedial recommendations set forth in the Report that Defendant has adopted or intends to adopt within a set time period, and (ii) any such recommendations that Defendant has not adopted and does not intend to adopt.  With respect to any recommendation that Defendant considers unnecessary or inappropriate, Defendant shall explain why the objective or purpose of such recommendation is unnecessary or inappropriate and provide in writing an alternative policy, procedure, or system designed to achieve the same objective or purpose, in agreement with Kaplan.

Defendant shall cooperate fully with Kaplan and shall provide Kaplan with access to its files, books, records and personnel as reasonably requested by Kaplan.

IV

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,710,034, representing profits gained as a result of the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $560,953, and a civil penalty in the amount of $1,950,000 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Defendant shall satisfy this obligation by paying $4,220,987 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a cover letter identifying Ingersoll-Rand Company, Ltd. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of the payment of disgorgement and payment of civil penalty and letter to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE